In the Matter of NORMAN GERSMAN (Admitted as NORMAN JULIAN GERSMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Diana J. Szochet* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this court dated August 1, 1988 (143 AD2d 61), the respondent was suspended from the practice of law until the further order of this court and/or the determination of a disciplinary proceeding. By order of this

court dated April 9, 1990, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent.

The petition containing five charges of professional misconduct was personally served upon the respondent on December 5, 1990. The respondent failed to appear or file an answer thereto.

The petitioner Grievance Committee now moves to hold the respondent in default and impose discipline upon the respondent based upon the charges as set forth in the petition. The motion to hold the respondent in default based upon the respondent's failure to appear or answer in this proceeding was personally served upon the respondent on April 13, 1991.

The charges allege that the respondent failed to answer complaints of professional misconduct filed with the Queens County Bar Association and the petitioner Grievance Committee, failed to comply with a judicial subpoena and subpoena duces tecum, personally served upon him, requiring him to appear at the office of the petitioner and to produce required escrow records, failed to file an affidavit of compliance, as required by 22 NYCRR 691.10 (f), and failed to file a registration statement with the Office of Court Administration, as required by Judiciary Law § 468-a.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or answer, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is therefore granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, KUNZEMAN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Norman Gersman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, sus-

pended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Norman Gersman is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.